UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:26-cv-00279

**Sarah Black,**
*Plaintiff,*
v.
**Jay Lybrand et al.,**
*Defendants.*

## ORDER

Plaintiff, proceeding pro se and with heavy reliance on generative artificial intelligence, brought this case against 32 named defendants and 10 unnamed Doe defendants under 42 U.S.C. § 1983. Doc. 1. The court designated a magistrate judge to handle the case under 28 U.S.C. § 636(b)(1). The magistrate judge issued a first report recommending that plaintiff's complaint be dismissed under 28 U.S.C. § 1915(e)(2) for failure to state a claim. Doc. 5. The magistrate judge then withdrew the report and ordered plaintiff to amend her pleading. Doc. 7.

Plaintiff filed a first amended complaint. Doc. 8. The magistrate judge issued a second order to amend, instructing plaintiff to amend her pleading to comply with Local Rule CV-3(d), which establishes a thirty-page limit for pleadings. Doc. 9 at 1. The magistrate judge noted that plaintiff's factual allegations were only tangentially related to her claims and often extraneous in nature. *Id.* The magistrate judge noted that "[p]laintiff's allegations seem, at times, to tell many different, questionably related stories . . . ." *Id.* The magistrate judge also warned plaintiff regarding the use of generative AI. *Id.* at 2.

Plaintiff then filed a second amended complaint. Doc. 11. The second amended complaint is the operative pleading. The magistrate judge issued a second report recommending partial dismissal of claims under 28 U.S.C. § 1915(e)(2) for failure to state a claim. Doc. 12. Specifically, the magistrate judge recommends dismissal

of claims against defendants Allsup, Andrews, McPherson, Hammons, Williams, Head, Barber, Everingham, 4Kids4Families, Hansen, Roundtree, and Harry without prejudice. *Id.* at 2. The second amended complaint omits a number of defendants who were named in the first amended complaint. *Id.* Accordingly, the magistrate judge recommends dismissal of claims against omitted defendants Prince, Dewitz, Hudnall, Baker, Wilson, McBrayer, Peckham, Mosley, Chamness, White, O'Neill, Clinton, Shires, Terry and Does 4-10 without prejudice. *Id.* Plaintiff objected. Doc. 22. The court notes that plaintiff now seeks leave to file a third amended complaint. Doc. 25.

While the magistrate judge recommends dismissal without prejudice for all defendants, the court finds that for some defendants, dismissal with prejudice and without leave to amend is appropriate. The court is also cognizant of the high demand that repeated AI-generated amendments place on judicial resources. The court therefore finds that a restriction on plaintiff's leave to amend is appropriate. The court overrules plaintiff's objections and adopts the magistrate judge's report and recommendation as modified.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, the "objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Furthermore, a party's entitlement to de novo review does not entitle it to raise arguments that were not presented to the magistrate judge without a compelling reason. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994).

When there have been no timely objections to a report, or the objections are improper, "the court need only satisfy itself that

there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment.

Dismissal is appropriate where Plaintiff has been given a chance to cure her deficiencies but still fails to state a viable claim. *See Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). Once given adequate opportunity, even a pro se complaint must contain specific facts supporting its conclusions. *Id.* Fifth Circuit precedent holds that a court should generally give a pro se plaintiff a chance to amend before dismissing an action with prejudice unless it is clear that amendment would be futile. *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009); *see also Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). An amendment is futile if "the amended complaint would fail to state a claim upon which relief could be granted" under the Federal Rule of Civil Procedure 12(b)(6) standard. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).

Further, while Federal Rule of Civil Procedure 15(a) prescribes a liberal amendment policy, leave need not be given in all cases. *Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*, 29 F.4th 226, 232 (5th Cir. 2022). A district court is within its discretion to deny leave to amend where plaintiff has already been given opportunities to amend and does not indicate what additional facts she could plead to correct the deficiencies in her complaint. *U.S. ex rel. Adrian v. Regents of Univ. of Cal.*, 363 F.3d 398, 403–04 (5th Cir. 2004). In other words, denial of leave is justified when the proposed amendment would be futile. *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999); *Ariyan*, 29 F.4th at 232. Finally, "the district court may construe an issue raised for the first time in an objection to a magistrate judge's report and recommendation as a motion to amend complaint." *United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996).

First, the magistrate judge finds that plaintiff has failed to plead facts which support a cause of action against defendants Andrews and McPherson, two sitting judges who are entitled to

absolute judicial immunity for judicial acts. Doc. 12 at 9–14. Plaintiff's objection appears largely or entirely drafted with generative AI and borders on frivolousness. Plaintiff's objections raise no facts that support an exception to absolute judicial immunity and are therefore at least improper, as they do not adequately address the magistrate judge's grounds for recommending dismissal. Plaintiff continues only to pursue claims arising from judicial acts taken from the bench. Doc. 12 at 5. The court finds no clear error in the magistrate judge's reasoning and overrules plaintiff's objection. Plaintiff in her objections and in her proposed third amended complaint (Doc. 25) adds no facts which support any exception to absolute judicial immunity for judicial acts. The plaintiff has had multiple opportunities to replead. The court therefore finds that allowing plaintiff to replead her claims against defendants Andrews and McPherson would be futile. The court dismisses claims against Andrews and McPherson with prejudice and without leave to amend.

Next, the magistrate judge recommends dismissing claims against defendants Barber, Everingham, Head, and 4Kids4Families because plaintiff fails to plead facts sufficient to show that the defendants are state actors subject to suit under 42 U.S.C. § 1983. Doc. 12 at 14–16. The court finds plaintiff's objection frivolous. *See* Doc. 22 at 2–3. It appears to be largely or entirely drafted with generative artificial intelligence, is at times incoherently written from the perspective of a human being, and contains no facts or issues that establish state action. *Id.* The court overrules the objection and finds no clear error in the magistrate judge's reasoning. Further, plaintiff has had multiple opportunities to replead and now proposes a third amended complaint. Doc. 25. The court finds that allowing plaintiff to replead claims under § 1983 against defendants Barber, Everingham, Head, and 4Kids4Families would be futile. The court dismisses all § 1983 claims against these defendants with prejudice and without leave to amend.

Next, the magistrate judge recommends dismissing claims against defendants Allsup, Hammons, Williams, and Hansen

because plaintiff fails to make out any facts or claims with sufficient specificity. Doc. 12 at 16–18. Plaintiff's objection fails to add facts that support a sufficiently specific claim against any of these defendants. Doc. 22 at 4. The court overrules plaintiff's objection and finds no clear error in the magistrate judge's reasoning. Plaintiff has had multiple opportunities to amend. The court finds that it would be futile to allow plaintiff to replead claims against defendants Allsup, Hammons, Williams, or Hansen. The court dismisses these claims with prejudice and without leave to amend.

Next, the magistrate judge recommends dismissing claims against defendants Roundtree and Harry because plaintiff failed to plead facts sufficient to support supervisor liability against either defendant. Doc. 12 at 18–19. Plaintiff's objection demonstrates that plaintiff has nothing to add in support of her claim. *See* Doc. 22 at 6. The court overrules the objection and finds no clear error in the magistrate judge's reasoning. Plaintiff has had multiple opportunities to amend. The court finds that it would be futile to allow plaintiff to replead claims against defendants Roundtree and Harry. The court dismisses these claims with prejudice and without leave to amend.

Finally, the magistrate judge recommends dismissing claims against defendants Prince, Dewitz, Madison, Hudnall, Baker, Wilson, McBrayer, Peckham, Mosley, Chamness, White, O'Neill, Clinton, Shires, Terry and Does 4-10 because plaintiff omitted them from her second amended complaint. Doc. 12 at 19–20. The magistrate judge recommends construing the omissions as a Rule 41(a)(1)(A)(i) notice of dismissal. *Id.* Plaintiff's objection is conclusory. Doc. 25 at 7. Once an amended pleading is interposed, the original pleading no longer performs any function in the case. *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025). The court overrules plaintiff's objection, finds no clear error in the magistrate judge's reasoning, and adopts the recommendation. The court dismisses the omitted defendants without prejudice.

The court is cognizant of the strain that plaintiff's use of generative artificial intelligence place on judicial resources. To date, Plaintiff has utilized generative artificial intelligence to produce four iterations of her complaint, presumably with zero cost and minimal investment of time. The court's engagement with these filings has not been so cheap. The first three iterations of plaintiff's complaint have been subject to screening by the magistrate judge, who found that each fell short of the federal court pleading standard. The third iteration now comes before the district judge, and the fourth awaits a ruling on leave to amend. Doc. 25. Plaintiff has also utilized generative artificial intelligence to name scores of defendants in this case. Because plaintiff is proceeding in forma pauperis, the U.S. Marshal Service carries out service of process.

This court is open for plaintiff to vindicate any meritorious claim she may have. But plaintiff, over multiple AI-generated iterations, has failed to meet the federal court pleading standard. The court will not allow plaintiff to strain judicial resources by repeatedly filing swiftly generated AI amendments which fail to state a claim and potentially do so ad infinitum. The court finds that any future amendments are highly likely to be futile. As such, unless a proposed amendment is not futile, the court denies plaintiff leave to file any amended complaint that includes any claim or defendant not present in the second amended complaint. This includes, but is not limited to, (1) claims against defendants named in previous complaints but omitted in the second amended complaint, and (2) new claims against defendants named in the second amended complaint. Plaintiff shall be extremely judicious with any future motion for leave to amend. The court will meet vexatious filings with appropriate restrictions.

The court now issues a final warning to plaintiff regarding her use of generative artificial intelligence. The magistrate judge previously "warned that any use of artificial intelligence should not be in furtherance of creating factually or legally unsupported filings with this court." Doc. 9 at 2. Plaintiff is not excused from Federal Rule of Civil Procedure 11. The court may impose

appropriate sanctions for violation of Rule 11, up to and including restricting plaintiff's ability to rely on generative artificial intelligence to draft court filings.

Having reviewed the record and being satisfied that there is no clear error, the court accepts the report's findings and recommendations as modified. Plaintiff's claims against defendants Andrews, McPherson, Barber, Everingham, Head, 4Kids4Families, Allsup, Hammons, Williams, Hansen, Roundtree, and Harry are dismissed with prejudice and without leave to amend. Plaintiff's claims against defendants Prince, Dewitz, Hudnall, Baker, Wilson, McBrayer, Peckham, Mosley, Chamness, White, O'Neill, Clinton, Shires, Terry, and Does 4–11 are dismissed without prejudice. Unless a proposed amendment is not futile, the court denies plaintiff leave to file any amended complaint that includes any claim or any defendant not present in the second amended complaint.

*So ordered by the court on September 3, 2026.*

J. CAMPBELL BARKER
United States District Judge